UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAYLEE CHRISTYNE KELLY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-970-SDD-RLB** |
| **18TH JUDICIAL DISTRICT COURT, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 10, 2025.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HAYLEE CHRISTYNE KELLY**              **CIVIL ACTION**

**VERSUS**                              **NO. 24-970-SDD-RLB**

**18th JUDICIAL DISTRICT COURT, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Complaint (R. Doc. 1). The undersigned has performed a review, pursuant to 28 U.S.C. § 1915(e), to determine whether the remaining claims in Plaintiff's Complaint should be dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted.

**I.    Background**

On November 25, 2024, Haylee Christyne Kelly ("Plaintiff"), proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 to obtain relief for alleged violation of her civil rights by the 18th Judicial District Court and her aunt, Robin Lotz Rills ("Rills"), for the alleged mishandling of the estate of her father, Robert Michael Lotz, in 2005. (R. Doc. 1).

The Court granted Plaintiff's Motion for Leave to Proceed in Forma Pauperis, and ordered the U.S. Marshal's service to serve the summons and complaint on the defendants wherever found. (R. Doc. 3).

Plaintiff seeks relief for alleged violations of her rights to due process, equal protection, and property under the Fourteenth Amendment of the U.S. Constitution, and for alleged violations of various state laws governing the rights of minors in legal proceedings, the fiduciary duties of administrators or guardians in managing estates, and the appointment of guardians and legal counsel. (R. Doc. 1 at 3-6). Plaintiff asserts that she was a minor at the time of her father's

1

probate case and that Rills was improperly appointed as administratrix by the presiding judicial officer. (R. Doc. 1 at 7). Plaintiff alleges that Rills "acted negligently by failing to protect the estate's value for the Plaintiff's benefit and excluding the Plaintiff's legal guardian from critical decisions." (R. Doc. 1 at 19). "Specifically, the Plaintiff seeks damages for the sale of land appraised at over $800,000, which was negligently sold in a private sale for $175,000, resulting in the Plaintiff receiving only just over $4,000 from the ill-appointed administratrix, who should never have been entrusted with managing the minor Plaintiff's estate." (R. Doc. 1 at 19). Plaintiff further alleges that "Judge William Dupont[1] and the 18th Judicial District Court failed to ensure proper oversight, procedural safeguards, or compliance with Louisiana law to protect the Plaintiff's rights as a minor heir." (R. Doc. 1 at 19).

On January 30, 2025, the 18th Judicial District Court filed a Rule 12(b)(6) Motion to Dismiss for Lack of Procedural Capacity. (R. Doc. 10). After receiving no opposition, the Court granted this motion and dismissed all claims against the 18th Judicial District Court. (R. Docs. 11, 12).

The record indicates that Rills was served on January 13, 2025. (R. Doc. 9). Rills has not, however, made an appearance in this action. Plaintiff has not moved for a default judgment. Accordingly, the Court has reviewed the Complaint to determine whether Plaintiff's claims against Rills are subject to dismissal.

---

[1] Judge Dupont was not named as a defendant in this action. It appears that any claim against Judge DuPont based on the allegations in the Complaint would be subject to dismissal based on absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 10 (1991); *Stump v. Sparkman*, 435 U.S. 349 (1978).

2

## II. Law and Analysis

### A. Legal Standards

While the Court construes complaints filed by *pro se* plaintiffs liberally, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case:

    (i)    is frivolous or malicious;
    (ii)   fails to state a claim on which relief may be granted; or
    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).[2] Dismissal under § 1915(e) may be made before service of process. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 327; *see also Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible"). Pleaded facts which are merely improbable or strange are not frivolous. *Denton*, 504 U.S. at 33; *Ancar*, 964 F.2d at 468.

---

[2] While Plaintiff is proceeding *in forma pauperis* in this case, the payment of the filing fee would not preclude this review. *See Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307-308 (1989) ("Statutory provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *see also Doe v. City of Baton Rouge*, No. 20-514, 2021 WL 304392, at *2 (M.D. La. Jan. 29, 2021) ("[R]egardless of whether Plaintiff were to pay the filing fee, this Court has the inherent power to screen a pleading for frivolousness."), *appeal dismissed*, No. 21-30061, 2022 WL 881753 (5th Cir. Mar. 24, 2022), *cert. denied sub nom. Doe v. City of Baton Rouge, Louisiana*, 143 S. Ct. 376 (2022).

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003). When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3D 863, 873 (5th Cir. 2000).

B.    Analysis

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, custom, or usage . . ., subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and [federal] laws, shall be liable to the party injured." 42 U.S.C. § 1983. To state a claim under Section 1983, "a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Lauderdale v. Texas Dep't of Criminal Justice*, 512 F.3d 157, 165 (5th Cir. 2007) (internal quotation marks and citation omitted). A person acts under color of state law when "he engages in the [m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. . . ." *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010) (internal quotation marks omitted).

Here, Plaintiff cannot establish that Rills acted under color of state law because of her appointment as an administratrix by a state judicial officer in a probate proceeding. Rill's appointment as administratrix merely designated her as the representative of the succession and imposed upon her the "duty of collecting, preserving, and managing the property of the succession in accordance with law." La. Code Civ. Proc. art. 3191. It did not establish that she was clothed with the authority of state law.

The Fifth Circuit has specifically recognized that a private party in the position of administratrix is *not* a person to whom Section 1983 is applicable unless that person was "jointly engaged with a state official" to deprive an individual of his or her Constitutional rights. *Alexander v. Reese*, 702 Fed. App'x 223, 228 (5th Cir. 2017). Plaintiff has not alleged any facts which indicate that Rills and any judicial officer of the 18th Judicial District engaged or

5

cooperated to any degree to violate Plaintiff's Constitutional rights. In short, Plaintiff has not alleged any conspiracy between Rills, a private actor, and any state official. At most, Plaintiff alleges only that a judicial officer of the 18th Judicial District negligently appointed Rills as administratrix of the estate, and that Rills then made decisions as administratrix which were to Plaintiff's detriment. (R. Doc. 1 at 13). This allegation is insufficient to establish that Rills acted under color of state law for the purposes of Section 1983 liability.

Because Rills cannot be held liable under Section 1983, Plaintiff has failed to state a claim against Rills under § 1915(e)(2)(B)(ii). The Court further concludes that any attempt at amendment would be futile.

In addition to her Section 1983 claim, Plaintiff arguably raises at least two state law claims against Rills based on violation of a statutory "Right to a Guardian or Proper Representation" and "Mismanagement of Trust or Estate." (R. Doc. 1 at 5).[3]

The Court may decline to exercise supplemental jurisdiction over these remaining state law claims. Where the Court has original jurisdiction, it may generally exercise "supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same cause or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Court may decline to exercise supplemental jurisdiction, however, under Section 1367(c), which provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

---

[3] Plaintiff has attached to the complaint what appears to be a filing or prospective filing with the Louisiana Supreme Court raising similar state law claims. (R. Doc. 1-1). The Court also notes that there is no diversity of citizenship between Plaintiff and Defendant Rills.

28 U.S.C. § 1367(c). Given that all of Plaintiff's federal claims are subject to dismissal, the Court can properly exercise its discretion in declining supplemental jurisdiction over all remaining state law claims.

### III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's federal claims against Robin Lotz Rills be **DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

**IT IS FURTHER RECOMMENDED** that Plaintiff's state law claims against Robin Lotz Rills be **DISMISSED without prejudice.**

Signed in Baton Rouge, Louisiana, on June 10, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**