UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAYLEE CHRISTYNE KELLY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-970-SDD-RLB** |
| **18TH JUDICIAL DISTRICT COURT, ET AL.** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 12, 2026.

　　　　　　　　　　　　　　　　　　　　　　　　　　
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HAYLEE CHRISTYNE KELLY                        CIVIL ACTION

VERSUS                                          NO. 24-970-SDD-RLB

18th JUDICIAL DISTRICT COURT, ET AL.

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Before the Court is Plaintiff's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(4) and (6). (R. Doc. 21). The motion is opposed. (R. Doc. 24).

**I.    Background**

On November 25, 2024, Haylee Christyne Kelly ("Plaintiff"), proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 to obtain relief for alleged violation of her civil rights by the 18th Judicial District Court and her aunt, Robin Lotz Rills ("Rills"), for the alleged mishandling of the estate of her father, Robert Michael Lotz, in 2005. (R. Doc. 1). Plaintiff's Complaint provides that her address at the time she commenced this lawsuit was 153 N. 17th Street, Baton Rouge, Louisiana 70802 (the "Baton Rouge address"). (R. Doc. 1 at 2).

The Court granted Plaintiff's Motion for Leave to Proceed in Forma Pauperis, and ordered the U.S. Marshals Service to serve the summons and complaint on the defendants wherever found. (R. Doc. 3).

On January 30, 2025, the 18th Judicial District Court filed a Rule 12(b)(6) Motion to Dismiss for Lack of Procedural Capacity. (R. Doc. 10). The Motion to Dismiss and Memorandum in Support both included a certificate of service providing that Plaintiff was being served by U.S. Mail at the Baton Rouge address. (R. Doc. 10 at 2; R. Doc. 10-1 at 4-5). The

1

Clerk's Office also provided Plaintiff with notice of the filing by sending a copy by U.S. Mail to the Baton Rouge address.

Plaintiff did not timely oppose the foregoing Motion to Dismiss. *See* LR 7(f). The undersigned then recommended that the district judge dismiss with prejudice Plaintiff's claims against the 18th Judicial District Court because Louisiana district courts lack the capacity to be sued. (R. Doc. 11). The Clerk's Office sent a copy of this Report and Recommendation to Plaintiff by U.S. Mail to the Baton Rouge address. After receiving no objection, the district judge adopted this recommendation and dismissed the action against the 18th Judicial District Court with prejudice. (R. Doc. 12).[1]

The district judge subsequently dismissed Plaintiff's federal claims against Rills with prejudice and declined an exercise of supplemental jurisdiction over the remaining state law claims. (*See* R. Docs. 14, 16).

On July 2, 2025, the district judge entered a final Judgment dismissing all claims in this action. (R. Doc. 17).

On September 26, 2025, Plaintiff filed the instant Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(4) and (6). (R. Doc. 21). Plaintiff argues that she is entitled to relief because she was never served a copy of the 18th Judicial District Court's Motion to Dismiss or provided an opportunity to respond, thus depriving her of her due process rights. Plaintiff provides a new mailing address: 428 Bill Drive, Mandeville, LA 70448 (the "Mandeville address"). Plaintiff does not explain when her addressed changed or otherwise

---

[1] The record reflects that on April 29, 2025, the same day the district judge dismissed all claims against the 18th Judicial District Court with prejudice, the Clerk's Office received notice from the U.S. Postal Service that the Magistrate Judge's Report and Recommendation was returned as undeliverable. (R. Doc. 13). In the instant motion, Plaintiff does not now argue that she was not provided notice of the opportunity to object to the undersigned's Report and Recommendation within the time provided by 28 U.S.C. § 636(b)(1). Even if such an argument can be implied, it fails for the reasons provided below.

present any evidence that she informed the 18th Judicial District Court or the Clerk's Office of the Mandeville address prior to service of the 18th Judicial District Court's Motion to Dismiss.

**II.     Law and Analysis**

Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. Fed. R. Civ. P. 60(b). Plaintiff only seeks relief pursuant to Rule 60(b)(4) and Rule 60(b)(6).

First, Plaintiff argues that the judgment is void pursuant to Rule 60(b)(4). "A judgment 'is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Williams v. New Orleans Public Serv., Inc.,* 728 F.2d 730, 735 (5th Cir. 1984) (quoting 11 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 2862 (1973)); *Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998) ("Under Rule 60(b)(4), this court will generally look toward two factors to determine voidness," *i.e.*, whether the court (1) "lacked jurisdiction of the subject matter, or of the parties" or (2) "acted in a manner inconsistent with due process of law.") (quoting *New York Life Ins. Co. v. Brown*, 84 F. 3d 137, 143 (5th Cir. 1996)); *Norris v. Causey*, 869 F.3d 360, 366 (5th Cir. 2017) ("The 'exceedingly short' list of such 'infirmities' includes only subject matter jurisdiction, personal jurisdiction, 'or [ ] a violation of due process that deprives a party of notice or the opportunity to be heard.'") (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010)).

There is no dispute that the Court properly exercised subject matter jurisdiction and personal jurisdiction over the instant action. The sole basis for which Plaintiff seeks relief pursuant to Rule 60(b)(4) is the alleged violation of her due process rights for lack of notice or the opportunity to be heard. As discussed below, the record supports a finding that the 18th Judicial District Court properly served Motion to Dismiss on Plaintiff by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Similarly, all filings by the Court – including Reports and Recommendations, Rulings and Orders, and the final Judgment – were properly served on Plaintiff by mail at her "last known address" in accordance with Rule 5(b)(2)(C).

Prior to the filing of the instant Motion, Plaintiff only filed two papers into the record at the commencement of this action: the Complaint and the Motion to Proceed in Forma Pauperis. (*See* R. Docs. 1, 2). Plaintiff signed both of these filings, and listed the Baton Rouge address as her only address.[2] Plaintiff had a continuing obligation to inform the Court of her current address. *See* LR 11(a)(5) ("Each attorney and pro se litigant has a continuing obligation to apprise the Court of any address change."). Plaintiff did not, however, inform the Court of any address change until **after** the district judge entered a final Judgment in this action. Plaintiff has not submitted any evidence that either the 18th Judicial District Court or this Court knew or should have known of the Mandeville Address prior to service of the 18th Judicial District Court's Motion to Dismiss or any other filing up to and including the final Judgment issued on July 20, 2025.

---

[2] *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper .must be signed . . . by a party personally if the party is unrepresented [and] must state the signer's address, e-mail address, and telephone number."); LR 11(a)(4) ("Documents filed by a party not represented by counsel shall be signed by the party and shall include name, address and telephone number.").

4

The record supports a finding that Plaintiff was served with those papers by mail at her "last known address" in accordance with Rule 5(b)(2)(C). *See Watkins v. Numerous Bureau of Prison Offs.*, 846 F. App'x 310, 311 (5th Cir. 2021) (affirming dismissal of the *pro se* plaintiff's claims where the plaintiff did not notify the Clerk of Court of his current address in accordance with the applicable Local Rule and notice of a Magistrate Judge's report and recommendation was mailed to the plaintiff's last known address) (citing *New York Life Ins. Co.*, 84 F.3d at 142; Fed. R. Civ. P. 5(b)(2)(C)); *see also Duran v. Berger*, No. 24-00451, 2026 WL 269264, at *1 (E.D. Tex. Feb. 2, 2026) (the mailing of a Magistrate Judge's report and recommendation to the *pro se* plaintiff's last known address is sufficient notice even where the report was returned as "undeliverable"). Based on the foregoing, it is appropriate to deny relief pursuant to Rule 60(b)(4).

Second, Plaintiff seeks relief from the judgment pursuant to Rule 60(b)(6), which is a residual clause meant to cover unforeseen contingencies and to accomplish justice in exceptional circumstances. *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007). The relief afforded by Rule 60(b)(6) is meant to be extraordinary relief, and it requires that the moving party make a showing of extraordinary circumstances justifying such relief. *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). "The categories of relief under Rule 60 'are mutually exclusive from one another, meaning that an action cannot be brought through the catch-all provision of Rule 60(b)(6) if it could have been brought through one of the Rule's first five subsections.'" *D.R.T.G. Builders, L.L.C. v. Occupational Safety & Health Rev. Comm'n*, 26 F.4th 306, 313 (5th Cir. 2022) (quoting *United States v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015)).

Here, Plaintiff has made no showing of any unusual or unique circumstances to support the application of Rule 60(b)(6). Plaintiff appears to rely solely on the same due process argument discussed above. Accordingly, Plaintiff's request for relief pursuant to Rule 60(b)(6) is meritless because Plaintiff has "not alleged a separate basis for relief under Rule 60(b)(6)." *See D.R.T.G. Builders*, 26 F.4th at 313.

At any rate, providing Plaintiff with the opportunity to oppose the 18th Judicial District Court filed a Rule 12(b)(6) Motion to Dismiss for Lack of Procedural Capacity would not change the resulting dismissal with prejudice. Dismissal of the 18th Judicial District Court as a defendant was proper because Louisiana's judicial district courts lack the capacity to be sued. *See McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 417 (5th Cir. 2023); *Hall v. Louisiana*, 974 F. Supp. 2d 957, 962 (M.D. La. 2013). Plaintiff has not set forth any basis for providing Plaintiff any relief from the final Judgment pursuant to Rule 60(b).

### III.   Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(4) and (6) (R. Doc. 21) be **DENIED**.

Signed in Baton Rouge, Louisiana, on February 12, 2026.

                                                                                  _____
                                                                                  **RICHARD L. BOURGEOIS, JR.**
                                                                                  **UNITED STATES MAGISTRATE JUDGE**